1
2
3
4
5
6            **IN THE UNITED STATES DISTRICT COURT**
7               **FOR THE DISTRICT OF ARIZONA**
8

9   Juan M Tolano,                    No. CV-22-02050-PHX-DLR

10              Petitioner,            **ORDER and**
                                       **DENIAL OF CERTIFICATE OF**
11   v.                                **APPEALABILITY**

12   David Shinn, et al.,

13              Respondents.

14

15          Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge
16   Deborah M. Fine (Doc. 17) regarding Petitioner's *Pro Se* Amended Petition for Writ of
17   Habeas Corpus ("the Petition") filed pursuant to 28 U.S.C. § 2254 (Doc. 6). The R&R
18   recommends that the Petition be denied and dismissed with prejudice and that a Certificate
19   of Appealability and leave to proceed *in forma pauperis* on appeal be denied.

20          The Magistrate Judge advised the parties that they had fourteen days from the date
21   of service of a copy of the R&R to file specific written objections with the Court. (Doc. 17
22   at 38.) Petitioner filed objections to the R&R on January 22, 2024, (Doc. 20) and
23   Respondents filed their Response to Objections on February 5, 2024. (Doc. 22.) The Court
24   has considered the Petition and Petitioner's objections to the R&R and has reviewed the
25   R&R de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

26          In Ground One, Petitioner asserts that he received disparate treatment under the
27   Equal Protection Clause due to prosecutorial misconduct and vindictive prosecution. In
28   Ground Two (a), Petitioner asserts that he received ineffective assistance of counsel

because none of his trial court counsel reviewed the entire discovery in his cases, and in Ground Two (b), Petitioner argues that the superior court should have held an evidentiary hearing regarding whether his trial court counsel had reviewed such discovery.

## I. Background

Petitioner was charged in Maricopa County Superior Court in CR2014–006097–001 ("2014 case") with committing  multiple  assaults and in CR2016–00231–001  ("2016 case")  with drug offenses. In 2017, Petitioner entered into plea agreements  in  both cases. Pursuant to the plea agreement, he pled guilty to aggravated assault in  the  2014 case and pled guilty to possessing a dangerous drug in  the 2016  case. Petitioner  was sentenced  to  a  term  of  one  year  for  each  conviction,  to  be  served concurrently  with each other, and to be served concurrently with a sentence in an unrelated  case.

On December 12, 2023, the R&R issued, recommending a finding that Ground One was waived, Ground Two (a) lacks merit, and Ground Two(b) was procedurally defaulted.

## II. Petitioner's Objections

Petitioner's  first  objection  goes  to  Ground  One,  his  assertion  that  he  received disparate  treatment  under  the Equal Protection Clause due to prosecutorial misconduct and vindictive prosecution. The state court found that by pleading guilty, Petitioner waived his Ground One claim. Petitioner argues that because his trial counsel failed to review the entire discovery in the case, he was prevented from making an informed and intelligent decision to enter the plea agreements and therefore should not be found to have waived his Ground One claim.

This objection challenges the R&R's assertion that Petitioner did not provide the subject contents of the discovery as an exhibit. As the Court understands this objection, Petitioner is arguing that in this matter the Court does not need all 1,700 pages of discovery because had counsel looked at any portion of that discovery and had "discussions [with Petitioner] regarding moving forward in trial and at minimum a pre-trial/plea agreement evidentiary hearing" there might have been a different outcome. Petitioner argues in his objection that "when the [R&R's] reasoning states that petitioner does not provide the

1  challenged contents of the discovery that reasoning is incorrect." (Doc. 20 at 3.)

2          However, the objection does not address the issues raised and the reasons given by

3  the R&R for its recommendation of finding of waiver. The objection fails to provide the

4  challenged contents of discovery, and it does not address the R&R's findings that Petitioner

5  failed to explain which questions he would have asked his counsel about the discovery that

6  would have led him to proceed to trial instead of pleading guilty. He also fails to address

7  his in-court, on the record statements during the changes of plea. He also acknowledged in

8  his Petition that he knew the contents of the discovery that counsel allegedly did not review;

9  that he had time to discuss the discovery with counsel; and that counsel answered all of his

10  questions.

11          The R&R correctly determined that, as to Ground One, Petitioner has not

12  established that the state court's finding—which held that Petitioner waived the claim

13  asserted in Ground One—was contrary to or an unreasonable application of clearly

14  established federal law. The R&R also correctly found that Petitioner has not established

15  that the state court decision was based on an unreasonable determination of the facts in

16  light of the evidence. The Court agrees with the R&R that Ground One was waived with

17  Petitioner's knowing, voluntary, and intelligent guilty pleas. The objection to the R&R's

18  recommendations pertaining to Ground One is overruled.

19          Petitioner's second objection goes to the R&R's findings with regard to Ground

20  Two. As to Ground Two(b), he disagrees with the R&R's finding that this claim was not

21  raised in his petition for review with the court of appeals. Although Petitioner asserted in

22  his trial court PCR that he should have been granted an evidentiary hearing on his discovery

23  claim, he did not provide a federal legal theory on which his claim was based, and so

24  Petitioner did not fairly present his Ground Two(b) claim to the state courts. *Castillo v.*

25  *McFadden*, 399 F. 3d 993,999 (9th Cir. 2005).

26          Petitioner's objection to the R&R's findings and recommendations on Ground

27  Two(a) are not well described, but it appears he is simply re-urging the argument rejected

28  by the R&R that his counsel were ineffective because they failed to review all of the

discovery in the two cases. The Court reviews claims of ineffective assistance of counsel under the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, Petitioner must show: (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced the defense. 466 U.S. at 687. The Court has discretion to review the two prongs of the *Strickland* test in any order and need not address both prongs if Movant makes an insufficient showing in one. *See Strickland*, 466 U.S. at 697.

Petitioner's conclusory assertions after his convictions that he would have proceeded to trial instead of entering his guilty pleas if any of his trial court counsel had reviewed all discovery is insufficient to demonstrate a reasonable probability that he would have chosen to proceed to trial. The Petition does not present the contents of the alleged discovery that his trial court counsel did not review. It states that none of his counsel reviewed discovery "which contains purported assailants 'abuse' over a perpetual period of time and alleged victims and witnesses' misbehavior, lieing [*sic*] and the use or threat of law enforcement against purported assailants when not getting their way or something they want." His objection states that there are "over 1,700 documents of discovery in where there is extensive evidence of alleged victims and witnesses having been in very similar cases as this one . . . " (Doc. 20 at 2-3.), vaguely suggesting that a discussion about discovery with trial court counsel would have raised questions as to the truthfulness of the victims and witnesses.

Petitioner's objection does not show that the R&R should have found that he met the *Strickland* standard for ineffective assistance of counsel. Neither *Strickland* prong is met. Petitioner does not make specific assertions regarding the alleged untruthfulness of victims and witnesses in his cases, nor does he demonstrate how additional discussions with trial court counsel would have affected Petitioner's decision to plead guilty instead of proceeding to trial. Importantly, while represented by trial court counsel Stephen Crawford, Petitioner stated at his change of plea hearing in both cases that his trial court counsel had answered all of Petitioner's questions, and Petitioner's guilty pleas

were supported by factual bases to which Petitioner agreed in open court.

The R&R correctly concluded that Petitioner has not shown that the state court's adjudication of his ineffective assistance of counsel claim was contrary to or an unreasonable application of clearly established federal law, or that the state court decision was an unreasonable determination of the facts. Petitioner's objections to the R&R's findings on Grounds Two (a) and Two (b) are overruled.

**IT IS ORDERED** that Petitioner's Objections to the R&R (Doc. 20) are **OVERRULED**.

**IT IS ORDERED** that the R&R (Doc.17) is **ACCEPTED**.

**IT IS ORDERED** that Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 6) is **DISMISSED** with prejudice.

**IT IS ORDERED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **DENIED** because (i) the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable and (ii) Petitioner has not made a substantial showing of the denial of a constitutional right. The Clerk of the Court shall enter judgment denying and dismissing Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 6) with prejudice and shall terminate this action.

Dated this 12th day of February, 2024.


Douglas L. Rayes
United States District Judge